570 So.2d 158 (1990)
Mary Diana ARMAND, et al., Plaintiffs-Appellants,
v.
Norman McCALL, et al., Defendants-Appellees.
No. 89-582.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
Rehearing Denied December 14, 1990.
Writ Denied February 8, 1991.
Tynes, Fraser, Roach & Morris, Maurice L. Tynes, Lake Charles, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Wm. E. Shaddock, Wm. B. Monk, Alan McCall, Lake Charles, for defendant-appellee.
Before FORET, DOUCET and KNOLL, JJ.
DOUCET, Judge.
This appeal addresses the question of whether the minority stockholders of Cameron Crew Boats, Inc. (hereafter Cameron), a corporation which was merged with McCall Enterprises, Inc. (hereafter McCall Enterprises), have a right to assert a stockholder derivative action against McCall Enterprises and an action for damages against Norman McCall, past president and director of Cameron, even though the minority owns no corporate stock in McCall Enterprises.
The trial judge, after hearing the evidence and arguments of counsel, and receiving briefs from both sides, rendered judgment in favor of the defendants on an exception of no right of action. He provided well written reasons for judgment, as follows:
*159 "The petition in this case is a derivative action brought by past shareholders of Cameron Crew Boats, Inc. The cause outlined in the petition is one on behalf of the corporation against Norman McCall, past president and director of Cameron Crew Boats, Inc., for damages suffered as a result of the said McCall's breach of fiduciary duties in his capacity as chief officer of the corporation. This opinion addresses the exception of no right of action filed by Norman McCall [and McCall Enterprises]. A brief recitation of the background is in order.
Cameron Crew Boats, Inc., was incorporated on March 3, 1966. The original incorporators and the number of shares owned by each were Norman McCall, 25 shares; J.A. Colligan, 20 shares; James A. Colligan, 10 shares; Deanne Colligan, 10 shares; Madeleine Colligan, 10 shares; Gladys McCall, 10 shares; Peter Henry, 10 shares; and Leslie Richard, 5 shares. In December of 1970, Claude V. McCall, Sr. acquired ownership of the 10 shares previously held by Gladys McCall. Claude V. McCall, Sr. later sold 2.46 shares to Norman McCall. The remaining 7.54 shares of Crew Boats devolved upon the petitioners herein following the deaths of Claude V. McCall, Sr. and Diana McCall, the father and mother respectively of the petitioners.
In December, 1984, McCall Enterprises, Inc., another corporation in which Norman McCall was an officer and a shareholder, began acquiring shares of stock in Cameron Crew Boats Inc. By the time of the events described next, McCall Enterprises, Inc. owned more than 90% of the shares in Cameron Crew Boats, Inc.
On June 9, 1987 the attorney for the petitioners sent a letter to Cameron Crew Boats, Inc. in the nature of a demand that the corporation enforce its rights against Norman McCall for the violations on which this suit is brought. What actions the corporation took or failed to take during the ensuing year are a matter of dispute but a resolution of the exact events is not necessary because of the corporate merger which next took place.
On June 8, 1988 articles of merger of Cameron Crew Boats, Inc. into McCall's Enterprises, Inc. were executed. One of the resolutions in the merger read that: `Any shareholder of Cameron Crew Boats, Inc. other than McCall Enterprises, Inc. shall be entitled to receive, in accordance with Louisiana R.S. 12:131, only an amount of cash equal to $7,406.75 per share, ...'. The petitioners were duly notified of the merger and of the cash-out proposal in the articles of merger.
On June 28, 1988 petitioners, through their attorney, hand delivered a letter to the offices of Cameron Crew Boats, Inc., a copy of which letter is identified as defendant's exhibit-5. The letter rejects the proposed cash payment for the outstanding shares of Cameron Crew Boats, Inc. belonging to the petitioners and makes demand for a greater value per share. On December 19, 1988 petitioners filed an action entitled, `Suit for Fair Cash Value' against McCall Enterprises, Inc. and it is captioned and numbered, `Mary Diane Armand, et al., versus McCall Enterprises, Inc.,' No. 10-11551, on the docket of the 38th Judicial District Court for the Parish of Cameron, State of Louisiana. That action requests the court to fix a higher value for the shares of stock in Cameron Crew Boats, Inc. than the amount reflected in the articles of merger.[1]"
There is no dispute that McCall Enterprises, Inc. had the statutory power to merge Cameron Crew Boats, Inc. into itself and that the merger was accomplished. Giraud v. Gillis, Ellis and Baker, Inc., 488 So.2d 1261 (La.App. 4th Cir.1986). The issue in this exception is focused on the legal effect of the demand by the petitioners for a greater cash value of their shares of stock in Cameron Crew Boats, Inc.
Louisiana's Business Corporation Law embodied in Chapter 1 of Title 12 of the Revised Statutes is patterned on similar corporation laws adopted by practically all *160 of the other states. R.S. 12:131 which provides for the rights of minority shareholders dissenting to corporate action is a provision common to many states and one whose function has been reviewed by the courts of several other jurisdictions.
Paragraph H of that article particularizes the rights of dissenting shareholders to the corporate action of merger in a situation such as the one experienced by the petitioners. The following procedure is outlined in the last sentence of paragraph C. which reads:
`In the case of a merger pursuant to R.S. 12:112(H), the dissenting shareholder need not file an objection with the corporation nor vote against the merger, but need only file with the corporation, within twenty (20) days after a copy of the merger certificate was mailed to him, a demand in writing for the cash value of his shares as of the day before the certificate was filed with the Secretary of State, state in such demand the value demanded and a post office address to which the corporation reply may be sent, deposit the certificates representing his shares in escrow as herein above provided, and deliver to the corporation with his demand the acknowledgement of the escrow bank or trust company as herein above described.'
Paragraph H reads:
`Upon filing a demand for the value of his shares the shareholder shall cease to have any of the rights of a shareholder except the rights accorded by this section. Such a demand may be withdrawn by the shareholder at anytime before the corporation gives notice of disagreement, as provided by Subsection D of this section. After such notice of disagreement is given, withdrawal of a notice of election shall require the written consent of the corporation.' (Subsequent portions deleted).
The effect of events in this case is clear. The actions of the shareholders in making the demand and the subsequent action of the corporation in rejecting the demand, resulted in an irrevocable election by the shareholders of their rights under Paragraph H and also imposed upon them the limitations of that section.
The statutory scheme is uncomplicated and its purpose quite apparent. The filing of a demand by the petitioners for the value of their shares was tantamount to an acceptance of the merger. Once they had elected not to contest the merger but had chosen to pursue an increased valuation of the cash payment for shares, the petitioners ceased `to have any of the rights of a shareholder except the rights accorded by this section.' These latter rights referred to, of course, are the rights to demand a greater value than that offered. Consequently, the right to pursue a derivative action is also forfeited. A derivative action can only be brought by the shareholder of a corporation.
This same result was seen in the case of Lewis v. Anderson, 477 A.2d 1040 (Del.Sp. Ct.1984). The state of Delaware is recognized as a leader in the field of corporation law. In dealing with a statute similar to that of Louisiana's and with a case which is analogous on pertinent parts, the court disallowed minority shareholders in a merged company from pursuing a derivative action for pre-merger claims. Quoting the lower court with approval, the high court in Delaware reprinted this explanation at page 1043:
`The right to a pending cause of action is an asset of a merged corporation which passes to the corporation surviving the merger. Under the facts of this case, any right to equitable relief possessed by the original corporation against the individual defendants, as its officers and directors, passed to [the new corporation] by virtue of the merger.'
Restating a rule which the court says has been nearly universally accepted, it stated:
`... a derivative shareholder must not only be a stockholder at the time of the alleged wrong and time of commencement of suit but he must also maintain shareholder status throughout the litigation.'
Also see the good discussion and the similar results obtained in Yanow v. Teal *161 Industries, Inc., [178 Conn. 262], 422 A.2d 311 (Conn.Sp.Ct.1979).
While conceding that the language and plan of La.R.S. 12:131 is clear, counsel for petitioners has suggested that La.R.S. 12:115 should be read as an exception and that it provides a remedy for petitioners. This latter statute provides, in general, that the liabilities of corporations and of its various components are not impaired by merger or consolidation and contains the following language:
`Any claim existing, or action or proceeding pending, by or against any of such constituent corporations may be prosecuted to judgment as if such merger or consolidation had not taken place ...'.
There is no conflict between La.R.S. 12:131 and La.R.S. 12:115. It is elementary that all of the obligations of the corporation or of the individuals associated therewith survive the merger, including a liability which could have been pursued as a derivative action by a shareholder. It must be kept in mind that we are addressing the right of action here and not the existence of an action. La.R.S. 12:115 does not, in any sense, provide as to who shall pursue a cause of action. If Norman McCall had some obligation or liability to Cameron Crew Boats, Inc., his obligation or liability was not impaired by the merger but is now owned by the new corporation. If the new corporation fails to pursue the matter to the satisfaction of its current shareholders, among which petitioners are not numbered, then the new shareholders are those to whom the right of a derivative action belongs. It is well settled that Norman McCall, in his capacity as a corporation office, owed no duty to the shareholders individually, and consequently, petitioners had no individual rights to survive the merger. Bordelon v. Cochrane, 533 So.2d 82 (La.App. 3rd Cir.1988)[2] [writ denied, 536 So.2d 1255 (La.1989)].
It is apparent in the pleadings and evidence that the conflict which has prompted this litigation involves family members and has produced bitter feelings. Counsel for the petitioners has attempted to press his point through the use of colorful but unflattering descriptions in characterizing the defendant and his alleged offenses. At the hearing on this exception, the court directed petitioners attorney to amend and specify any incidents of fraud. No amendment was made. As the matter now stands, it is simply a question of rights and liabilities determined by Louisiana's Business Corporation Law. Tucker v. Natl. Linen Ser. Co., 200 F.2d 850 [858] (U.S.Ct.App. 5th Cir. 1953). Any attempts to incite moral indignation are misplaced and do not find their proper place in this litigation.
For the reasons given, the exception of no right of action is maintained and plaintiffs [sic] petition is dismissed at their costs." (Footnotes added.)
Having carefully reviewed the record on appeal, the applicable statutory law and the jurisprudence, we conclude that the trial judge has correctly stated the facts of this case and the law applicable thereto. As a result we affirm the trial court's judgment and adopt its reasons as our own. Costs of this appeal are to be paid by the plaintiffs-appellants.
AFFIRMED.
NOTES
[1] The same minority shareholders or former shareholders filed this suit asserting both a shareholder derivative action and an action against Norman McCall individually for alleged breaches of fiduciary duty.
[2] See also: Beyer v. F. & R. Oilfield Contractors, 407 So.2d 15 (La.App. 3rd Cir.1982), writ denied, 411 So.2d 451 (La.1982).