578 So.2d 260 (1991)
Mary Diane McCALL, et al., Plaintiff-Appellant,
v.
McCALL ENTERPRISES, INC., Defendant-Appellee.
No. 90-1011.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
Writ Denied June 21, 1991.
Tynes, Fraser & Roach, Maurice L. Tynes, Lake Charles, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Wm. E. Shaddock, Lake Charles, for defendant-appellee.
Before GUIDRY, FORET and YELVERTON, JJ.
YELVERTON, Judge.
The two appeals in this case have been consolidated for our review. The facts *261 which give rise to the appeals are as follows.
Cameron Crew Boats, Inc. (Cameron Crew Boats) was incorporated on March 3, 1966. The company issued 100 shares of stock, of which 25 shares were issued to Norman McCall, 10 shares to Gladys McCall and the remaining to other shareholders. Norman McCall was president and director of Cameron Crew Boats. In December of 1970, Claude V. McCall, Sr., the father of the plaintiffs, acquired ownership of the 10 shares held by Gladys McCall. Subsequently, Claude V. McCall, Sr., sold 2.46 shares to Norman McCall, leaving him with 7.54 shares. These shares were inherited by plaintiffs, Mary Diane McCall Armand, Charles McCall and Claude McCall, Jr., upon the death of their parents, Claude V. and Diana McCall.
In December 1984, McCall Enterprises, Inc. (McCall Enterprises) began acquiring shares of stock in Cameron Crew Boats resulting in McCall Enterprises' ownership of more than 90% of the shares in Cameron Crew Boats by June of 1988. On June 8, 1988, McCall Enterprises merged with Cameron Crew Boats with McCall Enterprises becoming the successor corporation. On June 9, 1988, McCall Enterprises filed the necessary documentation required by La.R.S. 12:112(H) with the secretary of state, and at the same time mailed a copy of such to each shareholder. The articles of merger set the fair cash value of the shares of Cameron Crew Boats at $7,406.75 per share. Plaintiffs decided to dissent from the merger and file suit for a court appraisal of the fair cash value of their shares of stock in Cameron Crew Boats.
A demand for the fair cash value of their shares was filed with the corporation on June 28, 1988. The bank acknowledgment, required by La.R.S. 12:131(C), was filed June 30, 1988. McCall Enterprises acknowledged receipt of the above and disagreed with the value demanded on July 1, 1988. This suit for the fair cash value of their shares was filed on August 29, 1988.
A stockholder derivative action was also filed by plaintiffs against Norman McCall and McCall Enterprises on August 29, 1988. The suit was dismissed on an exception of no right of action filed by the defendants. We affirmed on appeal. Armand v. McCall, 570 So.2d 158 (La.App. 3rd Cir. 1990), writ denied, 575 So.2d 375 (La.1991). Attached as an exhibit to the suit for fair cash value was the petition of the derivative action. The defendants filed a motion to strike any reference to the derivative action. The motion was sustained. In their first appeal to this court, plaintiffs complain that the trial court erred in granting defendant's motion to strike any reference to the derivative suit from plaintiffs' fair cash value suit. We find it is not necessary to discuss this argument as it is moot after our decision in plaintiffs' second appeal before this court. We are this date rendering a separate judgment in the first appeal, Armand v. McCall Enterprises, Inc., 578 So.2d 263.
Subsequent to the filing of the first appeal a trial was held on the merits. The trial judge, finding that the plaintiffs did not meet the procedural requirements to bring suit for the fair cash value of their shares of stock, dismissed the suit. We affirm.
La.R.S. 12:112, et. seq., sets forth the procedure for a merger or consolidation. Specifically, La.R.S. 12:112(H) provides, in pertinent part:
"H. If a business, nonprofit or foreign corporation owns at least ninety per cent of the outstanding shares of each class of one or more business nonprofit or foreign corporations, none of the subsidiary nonprofit corporations has any non-shareholding members, and the laws under which any foreign corporations involved were formed permit merger by the procedure prescribed in this subsection, the parent may
* * * * * *
(2) merge into itself one or more such subsidiaries by delivering to the secretary of state, who shall record it after all fees and charges have been paid as required by law, a certificate, signed and acknowledged by its president or a vicepresident and its secretary or an assistant secretary, setting forth a copy of the *262 resolution of its board of directors effecting such merger and the date of adoption thereof.
* * * * * *
A copy of the certificate shall, within twenty days after filing thereof with the secretary of state, be mailed to each minority shareholder of each subsidiary involved in the merger, at his last known address.
* * * * * *
La.R.S. 12:131(A) explains that the shareholders have a right to dissent:
* * * * * *
If a corporation has become a party to a merger pursuant to R.S. 12:112(H), the shareholders of any subsidiaries party to the merger shall have the right to dissent without regard to the proportion of the voting power which approved the merger and despite the fact that the merger was not approved by vote of the shareholders of any of the corporations involved.
La.R.S. 12:131(C) sets out the procedural requirements before filing a suit for court appraisal of the fair cash value of the dissenting shareholders' shares of stock.
* * * * * *
Each such shareholder may, within twenty days after the mailing of such notice to him, but not thereafter, file with the corporation a demand in writing for the fair cash value of his shares as of the day before such vote was taken; provided that he state in such demand the value demanded, and a post office address to which the reply of the corporation may be sent, and at the same time deposit in escrow in a chartered bank or trust company located in the parish of the registered office of the corporation, the certificates representing his shares, duly endorsed and transferred to the corporation upon the sole condition that said certificates shall be delivered to the corporation upon payment of the value of the shares determined in accordance with the provisions of this section. With his demand the shareholder shall deliver to the corporation, the written acknowledgment of such bank or trust company that it so holds his certificates of stock. Unless the objection, demand and acknowledgment aforesaid be made and delivered by the shareholder within the period above limited, he shall conclusively be presumed to have acquiesced in the corporate action proposed or taken. In the case of a merger pursuant to R.S. 12:112(H), the dissenting shareholder need not file an objection with the corporation nor vote against the merger, but need only file with the corporation, within twenty days after a copy of the merger certificate was mailed to him, a demand in writing for the cash value of his shares as of the day before the certificate was filed with the secretary of state, state in such demand the value demanded and a post office address to which the corporation's reply may be sent, deposit the certificates representing his shares in escrow as hereinabove provided, and deliver to the corporation with his demand the acknowledgment of the escrow bank or trust company as hereinabove prescribed.
The trial judge held that the plaintiffs had lost their right to pursue the action under La.R.S. 12:131(C) because they failed to perform the statutory prerequisites within the twenty days allowed. Plaintiffs argue on appeal that the defendant did not mail them a copy of the merger certificate, as required by La.R.S. 12:131(C). They argue that, for this reason, the time did not begin to run on June 9, 1988, and their demand was within the twenty days and timely. They base this argument on the contention that the merger certificate referred to in La.R.S. 12:131(C) is the certificate issued by the secretary of state. We cannot agree with this contention.
Our interpretation is that the legislature in La.R.S. 12:131(C) was referring to the certificate delivered to the secretary of state by the defendant and not the certificate issued by the secretary of state. A careful reading of La.R.S. 12:112(H) supports this view:
* * * * * *
A copy of the certificate shall, within twenty days after filing thereof with the *263 secretary of state, be mailed to each minority shareholder of each subsidiary involved in the merger, at his last known address.
(emphasis added.)

* * * * * *
In addition it should be noted that no useful purpose would be served by sending to the minority shareholders the certificate issued by the secretary of state. The certificate submitted to the secretary of state and sent to the minority shareholders contains information necessary to them to determine if a suit for a court appraisal is the route they want to take. The certificate issued by the secretary of state does not contain any vital information necessary to make this decision.
The appellants' other argument on appeal is that they substantially complied with the statute's prerequisites, and that we should consider that sufficient. On June 28, 1988, which was the last day of the twenty day period, plaintiffs filed with the corporation a demand for the fair cash value of their shares. With the demand, they were required also to deliver to the corporation the acknowledgment of the escrow bank or trust company. La.R.S. 12:131(C). In the instant case, the acknowledgment of Cameron State Bank was not delivered until June 30, 1988, after the twenty day period set forth in La.R.S. 12:131(C).
The language of La.R.S. 12:131(C) sets forth a mandatory time period which has not been met. A shareholder aggrieved by corporate action taken pursuant to La.R.S. 12:112(H) must follow the procedures of La.R.S. 12:131(C) in order to object to the action of the board. Giraud v. Gillis, Ellis & Baker, Inc., 488 So.2d 1261 (La.App. 4th Cir.1986).
La.R.S. 12:131(E) contains additional indication of the legislative intent that the time requirements are essential. It reads:
E. In case of disagreement as to such fair cash value, or as to whether any payment is due, after compliance by the parties with the provisions of subsections C and D of this section, the dissatisfied shareholder, within sixty days after receipt of notice in writing of the corporation's disagreement, but not thereafter, may file suit against the corporation, or the merged or consolidated corporation, as the case may be, in the district court of the parish in which the corporation or the merged or consolidated corporation, as the case may be, has its registered office, praying the court to fix and decree the fair cash value of the dissatisfied shareholder's shares as of the day before such corporate action complained of was taken, and the court shall, on such evidence as may be adduced in relation thereto, determine summarily whether any payment is due, and, if so, such cash value, and render judgment accordingly.
Plaintiffs' failure to fulfill a necessary prerequisite for filing suit for an appraisal of the fair market value of their shares of stock resulted in a conclusive presumption that they acquiesced in the corporate action proposed or taken. La.R.S. 12:131(C), supra. In this case, they are deemed to have acquiesced in the merger and all resolutions of the merger, including the cash value set by the board for their shares of stock. Thus, plaintiffs have lost their right to bring an action for a court appraisal of the fair cash value of their stock shares. The trial court correctly decided the case.
The judgment is affirmed. Plaintiffs-appellants will pay costs.
AFFIRMED.