| ¡TERRI F. LOVE, Judge.
In the instant case, Plaintiff Earl Hill seeks to be added as a new party plaintiff, to a petition filed by Plaintiff Donald Cross. Additionally, Mr. Hill seeks to recover against defendant Dennis Cross and his company Cross Marine, Inc. for the value of Hill’s stock in Cross Marine, Inc., and for an alleged illegal dividend distributed to Dennis Cross. The trial court, at the hearing on exceptions, found that Hill’s claims did not relate back to the original petition and that his claims had prescribed. Further, the trial court found that Hill had no right of action as a shareholder of Cross Marine, Inc. For the reasons outlined below we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
Dennis Cross is the sole shareholder of Cross Offshore Corporation. Cross Offshore Corporation is the parent corporation of Cross M Holding Corporation (“CMHC”) and Cross Marine, Inc. (“Cross Marine”).
On November 23, 1981, defendant Cross Marine, Inc. and others entered into articles of partnership, by document entitled “Articles of Partnership of Yahoux Partners — Mississippi,” forming a Louisiana Partnership in Commendam with Cross Marine appointed as the managing and sole general partner of Yahoux | ¡.Partnership in Commendam. The purpose of the partnership was the ownership and operation of one or more self-propelled jack-up vessels. Donald Cross and Mr. Hill were invited by Dennis Cross to become limited partners in the Yahoux partnership.
Concurrent with the formation of the Yahoux partnership, Dennis Cross, in his capacity as president and sole director of Cross Marine, the general partner in the Yahoux partnership, issued a letter to the limited partners of the Yahoux partnership confirming an agreement between Cross Marine and the limited partners, that Dennis Cross would cause Cross Marine to issue shares to the limited partners constituting a 5% interest in the common stock.
On December • 29, 1992, Dennis Cross transferred all his shares in Cross M Holding Corporation to Cross Offshore Corporation; thus, Cross Offshore Corporation became the sole shareholder of Cross M Holding Corporation. Dennis Cross was the sole shareholder of Cross Offshore Corporation. Also, on December 29, 1992, Dennis Cross transferred all his shareholder interest in Cross Marine to Cross M Holding Corporation and then merged Cross Marine into Cross M Holding Corporation on June 16, 1993. Cross M Holding Corporation then changed its name to Cross Marine. In December of 1998, Cross Marine, Inc. merged itself into a limited liability company and changed its name to Cross Marine, L.L.C.
This lawsuit arose when Donald Cross filed a suit against Dennis Cross, Cross Marine and Cross Offshore Corporation, alleging miscellaneous breaches of fiduciary duty allegedly committed by Cross Marine as the general partner of two limited partnerships: Yahoux Partnership in Com-mendam and Southern Cross One Limited Partnership. Donald Cross was a limited partner' in both of these | ¡¡partnerships. This lawsuit was filed on December 13, 1996, five years after the liquidation of the Yahoux limited partnership.
On January 16, 2001, Donald Cross filed an amended petition that sought to add *196 Mr. Earl Hill, Jr. (“Hill”) as a party plaintiff to the instant action.
The defendants then filed several exceptions’ to this amended petition, including exceptions of prescription and no right of action with respect to the claims of Mr. Hill. A hearing was held on these exceptions, at which the trial court granted the exception of no right of action, and also granted the exception of prescription with respect to two of Mr. Hill’s claims.
The exceptions of prescription asserted 1) Hill’s claims did not relate back to the original petition; 2) the claim for dividend distributions had prescribed under the two year prescription statute; 3) Hill’s claim for the value of his Cross Marine stock had prescribed under the five year prescription statute. Defendants also filed an Exception of No Right of Action, claiming that Hill had no right of action making claims as a shareholder of Cross Marine, Cross Offshore Corporation, and/or Cross Marine L.L.C. subsequent to the date of the upstream merger between Cross . Marine and Cross M Holding Corporation on June 16,1993.
The trial court ruled that: Hill’s claims did not relate back to the original petition, and that his claims are deemed filed as of June 16, 2001; Hill’s claims for the Value of any stock of Cross Marine, Cross Offshore Corporation and -Cross Marine, L.L.C. had prescribed; Hill’s claims regarding dividends received by Dennis Cross from Cross Marine prior to January 16, 1999 had prescribed; Hill had no right of action to assert his status as a shareholder of Cross Marine after the upstream merger of June 16, 1993, and had no right or cause of action to claim recovery as a shareholder of Cross Marine, Inc. after the upstream merger. The Rtrial court also pretermitted defendants’ exception of prescription with respect to Hill’s claims for breach of fiduciary duty and conversion of partnership assets, pending an evidentiary' hearing to be conducted oh May 17, 2001.
It is from this judgment that Donald Cross and Hill take the instant appeal.
DISCUSSION
In his first assignment of error, Hill argues that the trial court erred in finding that his claims do not relate back to the original petition.
Hill relies on Giroir v. South Louisiana Medical Center Division of Hospitals, 475 So.2d 1040 (La.1985) to support the argument that his claims relate back to the original petition. In Giroir, the Supreme Court established the four factors to be used in determining whether an amended petition, adding a new party plaintiff, relates back to the original. The four factors are 1) whether the claim arises out of the same conduct, transaction, or occurrence as in the original pleading; 2) whether the defendant knew or should have known of the existence and involvement of the new plaintiff; 3) whether the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; and 4). whether the defendant will be prejudiced in preparing and conducting its defense. Id. at 1044.
The trial court found that the first and second prongs of Giroir were satisfied in that the claims of both Donald Cross and Hill were based on the same conduct of the defendant, and that the defendant knew of the existence and involvement of Hill in this matter. However, the trial court found that prongs three and four of the Giroir test were not satisfied. Donald Cross and Hill are both partners in Ya-houx and assert similar1 claims, but the trial court found significant differences between their claims such that they are not sufficiently related under Giroir. Donald Cross Lfiled claims related to Southern *197 Cross One limited partnership; Hill has no such claim because he was not a partner in Southern Cross One. Hill claims to have never been paid for his Cross Marine stock; Donald Cross does not assert this claim. The trial court also cited that several issues related to Donald Cross’ claims have already been ruled upon, which further demonstrates that Hill’s claims are distinct and separate from the claims asserted by Donald Cross.
Hill argues that this Court should follow its ruling in Small v. Baloise Ins. Co. of America, 96-2484 (La.App. 4 Cir. 3/18/98), 753 So.2d 234. The plaintiffs in that case were related, under Giroir, by a,consignment agreement, a contract that made the claims of one essentially the claims of the other. Small is not applicable in this case because Donald Cross’s and Hill’s claims do not arise out of a contractual agreement between them, and are not identical, as were the claims in Small. They were merely partners in the same business enterprise, Yahoux. Their claims are sufficiently different from each other that Gir-oir is not satisfied.
The trial court also found that the defendants are prejudiced by Hill’s amended claims. The court found that there is no reason to excuse for Hill failing to assert his claims against the defendant in a timely manner. The court noted that in 1990, twelve of the seventeen Yahoux partners filed suit against Dennis Cross and Cross Marine. The trial court further noted:
The final factor, and that is whether the defendant will be prejudiced in conducting his defense predominates in favor of finding that the claims of Mr. Hill do not relate back. There is absolutely no reason and no excuse for Mr. Hill not to have brought his claim against the defendant in this matter timely or at least within a timeframe similar to those brought by Mr. Donald Cross. During the course of the prosecution of this litigation, there have been innuendoes, if not outright allegations that this litigation was initiated by Mr. Donald Cross to harass or to abuse the judicial processes to the detriment of Mr. Dennis Cross. Were there to be any factual basis 'for that allegation, certainly the adding of additional claims and by the 1 ^adding of the additional plaintiff, at that point in the litigation adds weight to that allegation. The court could envision that there could be a parade of new plaintiffs added to this litigation. None of which has anything to do with the legitimacy of the claims of Mr. Donald Cross.... Again, there is absolutely no question that the addition of Mr. Hill’s claim to this litigation does severely prejudice the defendant in preparing ' and conducting his defense.
After reviewing the record, this Court finds ample evidence to support the trial court’s finding that Hill’s claims failed prongs three and four of the Giroir test. We therefore find that the trial court did not err in finding that Hill’s claims do not relate back to the original petition. As such, Hill’s claims are deemed to have been filed on January 16, 2001.
In his second assignment of error, Hill asserts that the trial court erred in finding that his claim for the value of his shares of stock owned in Cross Marine had prescribed under the five-year prescriptive period.
Hill claims that he was never paid the value for his Cross Marine stock after the merger between Cross Marine and Cross M Holding Corporation on June 16, 1993. La. R.S. 12:112(G)(3) provides that a copy of the certificate of merger, shall, within twenty days after filing with the secretary of state, be mailed to each shareholder, other than the parent corporation. Under La. R.S. 12:131(C)(4) a dissenting *198 shareholder can object to the merger, inter alia, by filing, within twenty days after a copy of the merger certificate was mailed to him, a written demand for the cash value of his shares as of the day before the certificate was filed with the secretary of state. If the demand is not made within the specified period, then the shareholder is presumed to have acquiesced to the merger. La. R.S. 12:131(0(3). Compliance with La. R.S. 12:131(0(4) preserves the right of the shareholder to challenge the valuation of his shares. A dissatisfied shareholder, within sixty days after receipt of notice in writing of the corporation’s disagreement as to the stock’s 17valuation, per La. R.S. 12:131(D), may file suit against the corporation, asking the court to fix and decree the fair cash value of the shareholder’s shares as of the day before such corporate action complained of was taken. La. R.S. 12:131(E). Failure to do so binds the shareholder to accept the value of the shares as fixed by the corporation. La. R.S. 12:131(E). After the shareholder is bound by the value of the shares, suit to recover the value must be brought within five years from the date the value was agreed upon, or the liability of the corporation became fixed.
Cross Marine introduced evidence that a notice of the merger was mailed to Hill on July 6, 1993. There is no evidence in the record that he made a demand pursuant to La. R.S. 12:131(C) within twenty days of the mailing of this notice. Accordingly, Hill lost his right to challenge the valuation of his stock. Under La. R.S. 12:131(F), Hill had until July 26, 1998, to file an action to collect the value of his shares. Hill’s action was filed January 16, 2001. Hill argues that he did not assert this claim in a timely fashion because Cross Marine concealed information about the value of his stock. However, Hill presents no evidence that Cross Marine concealed information , about the merger. On the contrary, the record before this Court demonstrates that a notice of the merger was mailed - to Hill. Given this, we find Hill’s argument unpersuasive. After receiving notice of the merger, it was incumbent upon Hill to fix and recover the value of his stock. There was no evidence presented that Hill took the steps to evaluate his stock per the statute and he did not present evidence to contradict Cross Marine’s contention that it mailed him notice of the merger. Therefore, we find no error in the trial court’s finding that this claim had prescribed.
|sIn his third assignment of error, Hill argues that the trial court erred in finding that his claims contesting the dividend distribution to Dennis Cross in 1988 was preempted under the two year period in La. R.S. 12:92(D).
Hill alleges that in 1988, Dennis Cross received dividends from Cross Marine, Inc., but that no other shareholder received a dividend. La. R.S. 12:92(D) states that a claim for the unlawful distribution of dividends, must be brought within two years from the date on which the distribution was made, and this peremptive period is not subject to suspension on any ground, nor to interruption except by timely suit. • Assuming Hill’s allegations are true, his claims are well beyond the per-emptive period.
Hill contends that information regarding the dividends was concealed and that he did not discover the payment of those dividends to Dennis Cross until January of 2001. However, the law stated above does not support this argument, as the peremp-tive period cannot be suspended for any reason. ,
Again, we find no error in the trial court’s finding that this claim has been perempted.
*199 In his fourth assignment of error, Hill asserts that the trial court erred in finding that he has no right of action to assert his status as a shareholder of Cross Marine, Cross Offshore Corporation, and/or Cross Marine, L.L.C. after the upstream merger between Cross Marine and Cross M Holding Corporation of June 16,1993; and that Hill has no right or cause of action to claim recovery as a shareholder of Cross Marine, Cross Offshore Corporation, and/or Cross Marine, L.L.C. after the upstream merger of June 16, 1993, and that Hill has no causes of action to assert which are dependent upon his status as a shareholder of Cross [gMarine, Cross Offshore Corporation, and/or Cross Marine, L.L.C. subsequent to June 16,1993.
As stated above, Hill did not contest the merger or the valuation of his stock under the provisions of La. R.S. 12:131. Under La. R.S. 12:112(G), a parent company that owns ninety percent or more of the stock has the ability, under certain conditions, to “freeze out” minority shareholders and cash in their minority holdings based on the value determined as of the day before the effective date of the upstream merger. See McCall v. McCall Enterprises, 578 So.2d 260 (La.App. 3 Cir. 1991). Once this merger was executed, Hill lost his status as a shareholder. This is further evidenced by the merger agreement.
Hill failed to pursue the actions available to him at the time of the merger to recover the value of his stock. He cannot now assert any action as a shareholder of Cross Marine as he no longer has that status. Hill has no right of action as shareholder and therefore all causes of action he asserts under this status are moot. We find no error in the trial court’s finding that Hill has no right of action as a shareholder of Cross Marine.
CONCLUSION
For the forgoing reasons, we find no error in the trial court’s judgment finding that Hill’s claims do not relate back to the original petition, that his claims regarding the value of his stock and the alleged illegal dividend distribution to Dennis Cross are prescribed, or perempted, and that Hill has no right of action to assert any claims related to his status as a shareholder of Cross Marine. Therefore, we affirm the judgment of the trial court.
AFFIRMED.