# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-786

### ROBERT DUNCAN, ET AL.

### VERSUS

### MORENO ENERGY, INC., ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 107506-C
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**Edward Paul Landry**
**Landry & Watkins**
**P. O. Drawer 12040**
**New Iberia, LA 70562-2040**
**(337) 234-5921**
**Counsel for Plaintiff/Appellant:**
**Robert Duncan**

**Bernard E. Boudreaux, Jr.**
**Breazeale, Sachse & Wilson**
**One American Place, Suite 2300**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**Counsel for Defendants/Appellees:**
**Michael B. Moreno**
**Carolyn Blanchard**
**Moreno Energy, Inc.**

**James Ray McClelland**
**Aycock, Horne & Coleman**
**P.O. Box 592**
**Franklin, LA 70538**
**(337) 828-1880**
**Counsel for Defendants/Appellees:**
**Wayne May**
**Robert N. Crown**
**Emile Dumesnil**
**Charles Kilgore**
**William Rucks, III**
**William Rucks, IV**
**Ray Flores**

**David Michael Thorguson**
**Lippman, Mahfouz & Martin**
**P. O. Box 2526**
**Morgan City, LA 70381-1833**
**(504) 384-1833**
**Counsel for Defendants/Appellees:**
**Carolyn Blanchard**
**Michael B. Moreno**

**Mark J. Mansfield**
**Dutel & Tranchina, LLC**
**517 N. Columbia St.**
**Covington, LA 70533**
**(985) 892-7307**
**Counsel for Plaintiff/Appellant:**
**Charlie Hodges**

**SAUNDERS, Judge.**

This is a case wherein two minority shareholders filed suit directly against two former board members/officers of a corporation that has ceased to exist as it was merged with a newly formed parent corporation via a short-form merger under La.R.S. 12:112(G). The disgruntled shareholders alleged, *inter alia*, that the former board members/officers breached their fiduciary duties to them and committed fraudulent actions upon them.

The former board members/officers moved for, and were granted, a partial motion for summary judgment finding that the short-form merger between the parent and subsidiary corporations was valid because the disgruntled shareholders failed to timely object to the merger under La.R.S. 12:131. Further, the trial court found in the summary judgment that the disgruntled shareholders' outstanding discovery related to their claims for breach of fiduciary duty and fraud were irrelevant to whether the merger was valid.

The disgruntled shareholders appealed this ruling, alleging three assignments of error. We find that these assignments of error are without merit and affirm the trial court's granting of the partial summary judgment.

**FACTS AND PROCEDURAL HISTORY:**

Robert Duncan and Charlie Hodges (plaintiffs), were shareholders in Moreno Energy Services, Inc. (MES). The cumulative number of shares owned collectively by plaintiffs was less than ten percent (10%) of the total number of outstanding shares in MES.

On July 19, 2005, Moreno Energy, Inc. (MEI) was incorporated. The initial directors of MEI were Michel Moreno and Carolyn Blanchard (Defendants). Several other shareholders of MES contributed all of their MES shares to MEI on an

equivalent share for share basis. As a result of this contribution, MEI obtained a 90% controlling interest in MES.

On July, 22, 2005, MEI merged with MES via a short-form merger under La.R.S. 12:112(G). The merger certificate, as approved at the MEI board of directors' meeting, was filed with the Louisiana Secretary of State and later in Lafayette Parish. On that date, Plaintiffs were given the following documents: the resolution of MEI, the notice of merger, the certificate of merger, the articles of incorporation of MEI, and a copy of La.R.S. 12:131. Plaintiffs were then tendered what Defendants believed to be the fair value for their shares of MES.

On May 17, 2006, Plaintiffs filed this suit in Iberia Parish. Defendants responded by filing peremptory exceptions of no cause of action and no right of action, and a declinatory exception of vagueness. Specifically, Defendants sought to dismiss the entire petition due to vagueness and to dismiss, as a matter of law, Plaintiffs' Louisiana Unfair Trade Practices Act (LUTPA) claim. The hearing on the exceptions was set for December 22, 2006. After the hearing, the district court rendered a judgment dismissing Plaintiffs' LUTPA claim, but gave them thirty days to amend.

On or about January 12, 2007, Plaintiffs filed their second amended and supplemental petition, and then filed their third amended and supplemental petition on February 9, 2007. Defendants answered the two amended petitions and then, on March 16, 2007, filed a motion for partial summary judgment on the issues presented in this appeal regarding the validity of the short-form merger between MES and MEI.

The motion for partial summary judgment was set for hearing on June 19, 2007. Prior to the hearing, Plaintiffs asked for and were granted, a continuance of that

2

hearing on the issue of the efficacy of the short-form merger in order to review documents presented to them by Defendants. The court then heard argument on Defendants' exceptions of no right and no cause of action on Plaintiffs' LUTPA claims and took the matter under advisement.

On July 6, 2007, the trial court rendered written reasons granting Defendants' exceptions of no right and no cause of action on Plaintiffs' LUTPA claims and mistakenly granted Defendants' motion for partial summary judgment verifying the efficacy of the short-form merger. After the mistake was brought to the trial court's attention, the matter was reset for hearing on November 26, 2007. In the interim, Plaintiffs filed a fourth amended and supplemental petition which prayed for actual rescission of the short-form merger.

The trial court granted Defendants' motion for partial summary judgment as to the validity of the short-form merger on December 20, 2007. The trial court cited La.R.S. 12:131 and ruled that Plaintiffs failed to meet the specific time frame within which to object to the short-form merger as set out specifically in the statute. A judgment was signed on February 11, 2008, and from that judgment this appeal is taken by Plaintiffs raising three assignments of error.

**ASSIGNMENTS OF ERROR:**

1. Did the trial court err in holding that outstanding discovery motions on Plaintiffs' fraud and breach of fiduciary duty claims have no relevance to the trial court's decision on Plaintiffs' claims pertaining to the validity of the short-form merger between MES and MEI?

2. Did the trial court err in holding that no genuine issues of material fact are in dispute as to the validity of the short-form merger and, thus, Defendants are entitled to a summary judgment as a matter of law pertaining to the efficacy of the merger?

3. Did the trial court err in holding that the Plaintiffs are forever precluded from challenging the merger because they did not timely object to the merger in a

3

manner set forth in La.R.S. 12:131?

**ASSIGNMENT OF ERROR NUMBER ONE:**

Plaintiffs assert that trial court erred in holding that their outstanding discovery motions related to their fraud and breach of fiduciary duty claims had no relevance to their claims related to the validity of the short-form merger between MES and MEI. We find that this assertion is without merit.

When dealing with pretrial discovery matters, a trial court has broad discretion. *See Stolzle v. Safety & Sys. Assur. Consultants, Inc.*, 02-1197 (La. 5/24/02), 819 So.2d 287. Thus, the standard of review in this assignment is whether the trial court abused that discretion.

Louisiana Code of Civil Procedure Article 1422 states, in part, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Louisiana Code of Evidence Article 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The discoverability test under La.Code Civ.P. art. 1422, entails first asking whether answering the discovery is feasible and practicable. If that answer is in the affirmative, then the court determines whether an answer to the discovery would "expedite the litigation by either narrowing the area of controversy or avoiding unnecessary testimony or providing a lead to evidence." *MTU of N.Am., Inc, et.al. v. Raven Marine, Inc., et.al.*, 475 So.2d 1063, 1067 (La.1985).

Accordingly, in this assignment, we will adjudicate whether the trial court abused its discretion in its finding that Plaintiffs' outstanding discovery had no

relevance to their claim that the short-form merger between MES and MEI was invalid. After reviewing the record, we find that, given the admittedly draconian statutory scheme setting up the "rights" and duties of the minority shareholder when a short-form merger transpires, the trial court did not abuse that discretion.

Plaintiffs argue that Defendants had a fiduciary duty to them and that Defendants breach of that duty through fraud could result in a invalidation of the merger. We agree that under La.R.S. 12:91 Defendants had a fiduciary duty to Plaintiffs. However, we cannot agree that the trial court abused its discretion in finding that the existence of such a duty, and whether that duty was breached through fraud or the like, was irrelevant to the summary judgment granted to Defendants given the statutory scheme set up by our state legislature that we discuss further in Assignments of Error Numbers Two and Three.

Plaintiffs state in brief that their suit for fraud and breach of fiduciary duties go directly to the efficacy of the merger and are, therefore, interrelated. Thus, Plaintiffs conclude that the trial court should not have found their outstanding discovery irrelevant. Plaintiffs then follow up this assertion with no citations to the record displaying a single example of how any of their outstanding discovery was relevant to whether the merger between MES and MEI was proper or valid, and, thus, the trial court's decision was an abuse of discretion.

Rather, Plaintiffs first cite La.R.S. 12:91 for the assertion that directors and officers have a fiduciary duty to the corporation and shareholders. They cite *Crochet v. Cisco Systems, Inc.*, 02-1357 (La.App. 3 Cir. 5/28/03), 847 So.2d 253, *writ denied*, 03-1838 (La. 10/17/03), 855 So.2d 765, and *Levy v. Billeaud*, 443 So.2d 539 (La.1983), for the proposition that they can sue Defendants directly, rather than via

5

a derivative action on behalf of the corporation.

While these cases do stand for the cited postulates, we do not find any correlation between La.R.S. 12:91, or the cases cited above, to this assignment of error raised by Plaintiffs. The partial summary judgment granted by the trial court did not declare Plaintiffs' claims against the Defendants for a breach of fiduciary duty or fraud dismissed, nor did it find that Defendants had no fiduciary duty to them or that Plaintiffs had to sue Defendants via a derivative action. It simply resulted in the trial court denying Plaintiffs the right to challenge the validity of the merger between MES and MEI, and declaring their outstanding discovery irrelevant to that issue.

Plaintiffs next cites Delaware law, *Nebel v. Southwest Bankcorp, Inc.*, 1999 WL 135259 (Del.Ch.1999),[1] to bring forth the notion that when a short-form merger occurs, directors and officers have a fiduciary duty to shareholders. Without regard in this particular assignment of error as to whether Defendants actually have a fiduciary duty to Plaintiffs in a short-form merger in Louisiana, again, this court can find no correlation amongst the case cited by Plaintiffs, the granted summary judgment, Plaintiffs' outstanding discovery, and how the trial court abused its discretion in its finding.

Finally, Plaintiffs cite *Yuspeh v. Koch*, 02-698 (La.App 5 Cir. 2/25/03), 840 So.2d 41, for the proposition that the trial court's action in upholding the merger, without considering any evidence as to the feasibility in undoing the merger, promotes and safeguards fraudulent conduct and breach of corporate fiduciary duties. How Plaintiffs claim that *Yuspeh* stands for this proposition is puzzling.

The Plaintiffs in *Yuspeh*, did not seek a rescission of the merger. The *Yuspeh*

---

[1] The *Nebel* case was not reported in the Atlantic Second and is a Delaware Chancery Court case.

court found that a Plaintiff can attempt to recover monetary damages directly from directors or officers for fraudulent actions or breach of fiduciary duties. The same can be said for Plaintiffs in the case before us when they continue to pursue damages from Defendants after the partial summary judgment rendered at the trial level. Regardless, we fail to see how any of the arguments made by Plaintiffs lead us to the conclusion the trial court abused its discretion when it found that their outstanding discovery is irrelevant to the validity of the merger under Louisiana law pertaining to short-form mergers. Nor do Plaintiffs explain how any answer made by Defendants to their outstanding discovery could result in the remedy they seek, having the merger invalidated in some fashion. Given that it was their burden to show that the trial court abused its discretion, and they have failed to do so, we affirm the trial court's finding in this regard.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Plaintiffs argue that the trial court erred in holding that no genuine issues of material fact are in dispute as to the validity of the short-form merger and, thus, Defendants are entitled to a summary judgment as a matter of law pertaining to the efficacy of the merger. Plaintiff's argument below has no merit.

The standard of review for a summary judgment is that of de novo. *See Shelton v. Standard/700 Assocs.*, 01-587 (La.10/16/01), 798 So.2d 60. Louisiana Revised Statutes 12:112(G), in pertinent part, states:

> (1) If a business, nonprofit, or foreign corporation owns at least ninety percent of the outstanding shares of each class of one or more business, nonprofit, or foreign corporations, none of the subsidiary nonprofit corporations has any nonshareholding members, and the laws under which any foreign corporations involved were formed permit merger by the procedure prescribed in this Subsection, the parent may:
>
> . . . .

(b) Merge into itself one or more such subsidiaries by delivering to the secretary of state, who shall record it after all fees and charges have been paid as required by law, a certificate, signed and acknowledged by its president or a vice-president and its secretary or an assistant secretary, setting forth a copy of the resolution of its board of directors effecting such merger and the date of adoption thereof.

(2) If the parent owns less than all of the outstanding shares of any subsidiary merged into itself, the resolution of the board of directors shall also state the terms and conditions of the merger, including the shares, secured or unsecured obligations, cash or other consideration to be delivered to the other shareholders of such subsidiary.

(3) A duplicate original of the certificate, issued by the secretary of state, shall be filed for record with the recorder of mortgages of each parish in this state in which each business corporation involved has its registered office, and with the recorder of conveyances of each parish in this state in which any business, nonprofit, or foreign corporation involved owns immovable property, title to which will be transferred as a result of the merger. A copy of the certificate shall, within twenty days after filing thereof with the secretary of state, be mailed to each shareholder, other than the parent corporation, of each subsidiary involved in the merger, at his last known address. If the surviving corporation is a business corporation, its name may be changed, effective upon effectiveness of the merger, by inclusion of a provision to that effect in the resolution of the parent corporation's board of directors.

According to La.R.S. 12:112(G) above, in order for the merger between MES and MEI to have been properly a short-form merger, the following must be shown:

- The parent company, MEI, must own ninety percent (90%) of the outstanding shares of its subsidiary, MES.

- A merger certificate had to have been filed with the Louisiana Secretary of State that was signed and acknowledged by MES/MEI's president or a vice-president and MES/MEI's secretary or an assistant secretary.

- Attached to the merger certificate must have been a resolution adopted by MES/MEI's board of directors that stated the terms and conditions of the merger, including the shares, secured or unsecured obligations, cash or other consideration to be delivered to the other shareholders MES.

- A duplicate certificate of merger has to have been filed with the recorder of mortgages in any parish in which either MES or MEI has its registered office, and with the recorder of conveyances of each parish in this state in which either MES or MEI owns immovable property, title to which will be transferred as a result of the merger.

- A copy of the certificate, within twenty days after filing thereof with the secretary of state, has to have been mailed to each shareholder of MES, other than those who own stock in MEI, at his or her last known address.

Defendants have asserted that MES and MEI were merged under La.R.S. 12:112(G), and made references to the record supporting their assertions that each of the above requirements were met. Plaintiffs have not contended that any of the above requisites were lacking. Moreover, and more importantly, we find that the record necessitates us finding that all of the above criteria were met. As such, we can only reasonably conclude that MES and MEI were merged under La.R.S. 12:112(G).

In this assignment, rather than attempting to raise a genuine issue of material fact as to whether the merger was valid under La.R.S. 12:112(G), Plaintiffs' argument focuses on whether Defendants met its burden of proof. Plaintiffs first correctly point out that Defendants motioned the trial court for the summary judgment, and, second, because it is Defendants' burden to prove validity of the merger at trial, it was Defendants' burden to show that no genuine issues of material fact are in dispute on the validity of the short-form merger.

Plaintiffs then contend that, under cited jurisprudence, as part of Defendants' burden in proving that no genuine issue of material fact exists as to the validity of the merger, Defendants must prove the merger was in compliance with standards of "entire fairness." Plaintiffs argue that, given that Defendants presented no evidence that they complied with the standards of "entire fairness," Defendants failed to meet their burden of proof and, therefore, their motion for summary judgment must fail. Were it true that Defendants need show that the merger was in compliance with

9

standards of "entire fairness," their motion for summary judgment perhaps would fail. However, we find that Plaintiffs' argument that "entire fairness" is owed to them by Defendants is not well founded.

Plaintiffs cite *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238 (1939), for the contention that directors, officers, and dominant or controlling shareholders that have dealings with the company that they hold power over are subject to rigorous scrutiny. Plaintiffs argue that *Pepper* stands for the notion that when any director, officer, or dominant stockholder's engagement with the corporation is challenged, the burden is on the them to not only prove the good faith of the transaction, but also to show its inherent fairness from the viewpoint of those interested therein, i.e. minority shareholders, etc.

We do not reach the issue of whether the general burden enunciated in *Pepper* exists when the director, officers, or dominant stockholder's engagement with the corporation is challenged because, in the case before us, under La.R.S. 12:131, Plaintiffs have failed to timely or properly challenge Defendants' engagement with the corporation.

Louisiana Revised Statutes 12:131(emphasis added), in pertinent part, states:

> A. . . . If a corporation has become a party to a merger pursuant to La.R.S. 12:112(G), the shareholders of any subsidiaries party to the merger shall have the right to dissent without regard to the proportion of the voting power which approved the merger and despite the fact that the merger was not approved by vote of the shareholders of any of the corporations involved.
>
> . . . .
>
> C. . . .(2) Each such shareholder may, *within twenty days after the mailing of such notice to him*, but not thereafter, file with the corporation a demand in writing for the fair cash value of his shares as of the day before such vote was taken; provided that he state in such demand the value demanded, and a post office address to which the reply of the corporation may be sent, and at the same time deposit

in escrow in a chartered bank or trust company located in the parish of the registered office of the corporation, the certificates representing his shares, duly endorsed and transferred to the corporation upon the sole condition that said certificates shall be delivered to the corporation upon payment of the value of the shares determined in accordance with the provisions of this Section. With his demand the shareholder shall deliver to the corporation, the written acknowledgment of such bank or trust company that it so holds his certificates of stock.

. . . .

(4) In the case of a merger pursuant to R.S. 12:112(G), the dissenting shareholder need not file an objection with the corporation nor vote against the merger, but need only file with the corporation within twenty days after a copy of the merger certificate was mailed to him, a demand in writing for the cash value of his shares as of the day before the certificate was filed with the secretary of state, state in such demand the value demanded and a post office address to which the corporation's reply may be sent, deposit the certificates representing his shares in escrow as provided in Paragraph (2), and deliver to the corporation with his demand the acknowledgment of the escrow bank or trust company as prescribed in Paragraph (2).

. . . .

E. In case of disagreement as to such fair cash value, or as to whether any payment is due, after compliance by the parties with the provisions of subsections C and D of this section, the dissatisfied shareholder, within sixty days after receipt of notice in writing of the corporation's disagreement, but not thereafter, may file suit against the corporation, or the merged or consolidated corporation, as the case may be, in the district court of the parish in which the corporation or the merged or consolidated corporation, as the case may be, has its registered office, praying the court to fix and decree the fair cash value of the dissatisfied shareholder's shares as of the day before such corporate action complained of was taken, and the court shall, on such evidence as may be adduced in relation thereto, determine summarily whether any payment is due, and, if so, such cash value, and render judgment accordingly. Any shareholder entitled to file such suit may, within such sixty-day period but not thereafter, intervene as a plaintiff in such suit filed by another shareholder, and recover

11

therein judgment against the corporation for the fair cash value of his shares. No order or decree shall be made by the court staying the proposed corporate action, and any such corporate action may be carried to completion notwithstanding any such suit. Failure of the shareholder to bring suit, or to intervene in such a suit, within sixty days after receipt of notice of disagreement by the corporation shall conclusively bind the shareholder (1) by the corporation's statement that no payment is due, or (2) if the corporation does not contend that no payment is due, to accept the value of his shares as fixed by the corporation in its notice of disagreement.

There is no evidence in the record that Plaintiffs timely or properly filed anything under the admittedly onerous statutory scheme. In order to dissent to a short-form merger, La.R.S. 12:131 requires that, within twenty days, a shareholder must perform a plethora of requisites, including, but not limited to, filing a written demand for the fair cash value of his or her shares, with said demand indicating a post office address for the corporation to reply. Moreover, again within twenty days, the statute requires that the disgruntled former shareholders deposit, in escrow, the certificates representative of his or her shares in a trust or chartered bank. Again, there is no evidence in the record that Plaintiffs met this requisite.

Defendants vehemently argue that standards of "entire fairness" are not necessary when dealing with a short-form merger. Given that Plaintiffs clearly did not satisfy the requirements set out in La.R.S. 12:131(C), whether "entire fairness" is due Plaintiffs is a question that we do not reach. Defendants would not need to prove that they satisfied the standards of "entire fairness" in the case before us, even if we would reach the conclusion that they are necessary in a short-form merger scenario. As such, Plaintiffs argument must fail.

In summation, after a de novo review of the record, we find that Defendants presented all the necessary evidence that there is no genuine issue of material fact that the short-form merger between MES and MEI was valid under La.R.S. 12:112(G). As

such, they were entitled to a judgment as a matter of law on this issue. Accordingly, we affirm the trial court's judgment in this regard.

**ASSIGNMENT OF ERROR NUMBER THREE:**

In their final assignment, Plaintiffs assert that the trial court erred in holding that they are forever precluded from challenging the merger of MES and MEI because they did not timely object to the merger in a manner set forth in La.R.S. 12:131. Due to the clear language set up by our legislature, we find that this assertion lacks merit.

As in Assignment of Error #2, the trial court reached its ruling in question via summary judgment. Thus, again in this assignment, the applicable standard of review is that of de novo. *See Shelton*, 798 So.2d 60.

As we stated above in Assignment of Error Number Two, it is clear to this court from the record that Plaintiffs failed to meet the burden placed upon them by La.R.S. 12:131(C). Plaintiffs have not ever properly or timely filed a demand with the Defendants for the fair value of their shares, much less traversed the several conditions placed before them by the cited statutes.

Further, even if Plaintiffs could in any way be found to have met all of the requirements of La.R.S. 12:131(C), under La.R.S. 12:131(E) they did not file suit against Defendants in the proper jurisdiction to contest the merger in any way. MES and MEI are registered in Lafayette Parish; Plaintiffs filed suit in Iberia Parish. While this court freely expresses its sympathy for minority shareholders who are commanded to perform numerous, onerous, perhaps even unreasonable tasks within a very short time frame structured in La.R.S. 12:131, it is nevertheless clear that Plaintiffs in this case failed to perform even a single enumerated task within the time limits of the statute.

This court, in *McCall v. McCall Enterprises, Inc.*, 578 So.2d 260 (La.App 3

13

Cir.), *writ denied*, 581 So.2d 708 (La.1991), found that La.R.S. 12:131(C) set forth mandatory time periods. The *McCall* court then went on to state:

> Plaintiffs' failure to fulfill a necessary prerequisite for filing suit for an appraisal of the fair market value of their shares of stock resulted in a conclusive presumption that they acquiesced in the corporate action proposed or taken. La.R.S. 12:131(C), supra. In this case, they are deemed to have acquiesced in the merger and all resolutions of the merger, including the cash value set by the board for their shares of stock. Thus, plaintiffs have lost their right to bring an action for a court appraisal of the fair cash value of their stock shares.

*Id*. at 263.

We agree with the *McCall* court that La.R.S. 12:131(C) sets up mandatory time periods. However, our opinion does differ from the proposition that there is a presumption that any "silent" shareholder has acquiesced in the corporate activities. Rather, in disposition of the case before us, we read the language of La.R.S. 12:131 to stand for the proposition that our legislature has chosen to provide solely a monetary remedy to a minority shareholder who has been "frozen out." Moreover, it is apparent to this court that our legislature, should it have intended to give the minority shareholder in a short-form merger the power to "unmerge" what has been merged, it would have done so expressly.

This court recognizes and has voiced that the legislation at issue in the case before us is a bit one-sided. Nevertheless, we recognize that it is the job of our legislature to make the laws, regardless of how wise those laws may be, and our job to interpret them, always mindful of their equity. Whether this legislation has the necessary level of equity at its core has already been ruled upon by the Louisiana Fourth Circuit in *Giraud v. Gillis, Ellis & Baker, Inc.*, 488 So.2d 1261 (La.App 4 Cir. 1986). As this particular issue has not been brought before us, under the canopy of judicial restraint, we refrain from either approving or denouncing the validity of the statutory scheme.

14

As such, after we have reviewed the record in its entirety, we find that Plaintiffs have clearly not met the requirements of La.R.S. 12:131, and that they are forever barred, not only from attempting to invalidate the merger between MES and MEI, but are also barred from contesting the value assigned to their former stocks in MES. However, Plaintiffs can still recover from Defendants for the damage they may have caused to the value of Plaintiffs' former stocks in MES. The partial summary judgment below has no bearing on Plaintiffs' claims for monetary damages from Defendants via breach of fiduciary duties or fraud. Accordingly, we affirm the trial court's findings disputed in this assignment of error.

**CONCLUSION:**

Plaintiffs raised three assignments of error. We have affirmed the trial court's findings on all three assignments. As such, we cast Plaintiffs for all costs of these proceedings.

**AFFIRMED.**